# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| PARKING WORLD WIDE, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:22CV1252 JAR |
| | ) |
| CITY OF ST. LOUIS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss. ECF No. 13. Plaintiff filed a response in opposition. The Motion is fully briefed and ready for disposition. For the reasons set forth below, the Court finds that Plaintiff's Complaint is deficient, and Defendant's Motion will be granted.

### Background and Facts

On November 22, 2022, Plaintiff Parking World Wide, LLC, filed this patent infringement action alleging that Defendant City of St. Louis infringed on Claims 1 and 5 of its "Parking Status System" Patent, U.S. Patent No. 10,438,421 (the "'421 Patent").

Plaintiff's Complaint, in pertinent part, states[1] that the '421 Patent was issued on October 8, 2019, to the Patent Owner and was subsequently assigned to Plaintiff on or about November 7, 2019. The '421 Patent, explained in further detail below, was essentially issued for transforming parking spaces, payments, and subscriber data into parking space statuses shown in real time to a user, typically a parking enforcement officer, to identify unpaid parking spaces. The patented

---

[1] Unless otherwise noted, all facts in this section are alleged in Plaintiff's Complaint and accepted as true for purposes of this motion only. *McShane Constr. Co., LLC v. Gotham Ins. Co.*, 867 F.3d 923, 927 (8th Cir. 2017).

method overlays images of a street, a lot, or a garage with representations of parked vehicles with the status of any parking space shown in the image. Claims 1 and 5 of the '421 Patent includes, *inter alia,* assembling a database upon a computer of parking spaces including their geographic locations and updating a database upon a computer of subscribers.

Plaintiff alleges that Defendant infringes on Claims 1 and 5 of the '421 Patent by using demand responsive pricing and parking control software with a database of metered parking spaces that copies Plaintiff's patented method through its operation of ParkLouie on its City Treasurer Office's website. ParkLouie allows motorists to reserve and find parking spaces within the City of St. Louis, including links on how to sign up and sign into an account. Plaintiff alleges that the ParkLouie system signifies a parking space number with a map of the parking space, utilizes a database of parking spaces, and utilizes a system that identifies the subscriber's "active sessions" with the amount paid for the parking space and when the subscriber's paid parking time expires. ParkLouie also has a "find my car" feature for subscribers. Plaintiff's Complaint further alleges that because the Treasurer's website also has a "Paying a Ticket" section, that suggests Defendant's enforcement officers are sent a list of unpaid parking spaces and images on an electronic device.

Accordingly, Plaintiff filed this action, alleging direct infringement of Claim 1 (Count I) and Claim 5 (Count II) of the '421 Patent. Plaintiff requests the Court to issue a judgment finding that Defendant infringed on its patent and be enjoined from continuing the infringement, or in the alternative, pay royalties to Plaintiff, and be awarded attorneys' fees and costs.

<u>The '421 Patent</u>

As an initial matter, Plaintiff did not attach the '421 Patent to its Complaint. When considering a motion to dismiss under Rule 12(b)(6), a court "may also look to matters

incorporated by reference or integral to the claim, items subject to judicial notice, and matters of public record." *A & D Auto Sales, Inc. v. United States*, 748 F.3d 1142, 1147 (Fed. Cir. 2014) (internal quotation marks, modifications, and citations omitted); *see also*, *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012) (considering "[d]ocuments necessarily embraced by the pleadings," meaning "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading" on motion to dismiss). The Court notes that the '421 patent has been asserted and attached to the record in other proceedings. *See Parking World Wide, LLC v. City of San Francisco et al.*, Case No. 4:21CV1499 AGF (E.D. Mo.) (filed Dec. 23, 2021, dismissed Aug. 16, 2022) (*See* ECF No. 28-1); *Parking World Wide, LLC v. City of Clayton*, Case No. 4:22CV1373 MTS (E.D. Mo.) (filed Dec. 26, 2022) (*See* ECF No. 10-1); and, *Oracle Corp. v. Parking World Wide, LLC,* Case No. IPR2023-00385 (P.T.A.B.) (filed Jan. 18, 2023, *inter partes* review[2] granted July 19, 2023) (*See* Exhibit 1001). Therefore, the Court will consider this document because the '421 Patent is integral to the asserted claims, a matter of public record, and its authenticity is not in dispute. *See, e.g., Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017) (considering documents not included in the pleadings on a motion to dismiss because they were necessarily embraced by the complaint and there was no dispute as to the documents' authenticity).

The parking status system of the '421 Patent generally operates on a portable electronic device, such as a tablet, typically used by a parking control officer ("the officer"). '421 Patent at 13:28–49, Fig. 6. The parking status system displays a live visual image of the actual street scene in front of the device. *Id.* at 7:45–8:8, Fig. 1. The device ascertains its position using fixes from GPS system G and its orientation using an onboard gyroscope and compass, and communicates

---

[2] An *inter partes* review may not be instituted "unless ... there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition." 35 U.S.C. § 314.

both, via wireless telecommunications network C and Internet I, to parking authority servers S. *Id*. at 14:7–10. The system then obtains the payment status (paid or unpaid) of parking spaces appearing in the image from server S or, alternatively, from the meters themselves (so called "smart meters"), or from a sensor embedded in the street surface of the parking space that detects the presence or absence of a vehicle over it. *Id.* at 8:29–40, 11:17–19. The officer retrieves the merged image with the vehicles parking in select spaces through this wireless communications network from the parking management computer system. *Id.* at pg. 1. The meters' payment status is visually displayed on the meters appearing in the image viewed on the device; for example, a green flag may appear over a parking space that has been paid for, and a red flag may appear over an unpaid parking space. *Id.* at 11:63–12:6. Displayed payment-status markers allow the officer to readily determine if vehicles near the officer are improperly parked in an unpaid space. *Id.* at 9:25–32. The officer views the visual image on the portable electronic device to identify unpaid parking spaces and verifies at the actual scene to find vehicles in the unpaid parking spaces*. Id.* The officer is also able to select any view within 360 degrees of the officer's position in different sizes and while in motion, refresh the status of parking spaces and subscriber vehicles at a regular interval, and the method transforms a parking space, payment, and subscriber data into the parking space's status shown in real time to the officer. *Id.* at pg. 1. The officer then proceeds with enforcement measures against the vehicles in unpaid spaces, such as writing parking tickets or deploying a boot. *Id.* at 9:25–32.

The operation of the parking status system's communication channels and devices of the '421 patent is depicted in the following image, identified as Figure 6:



*Id.* at 7:18–20, 13:28, Fig. 6.

In simpler terms, the claimed methods include the following steps: (1) assembling a database of parking spaces, (2) updating a database of parking subscribers, (3) determining the location of the electronic device officer and surrounding parking spaces, (4) determining the parking space payment status of the parking spaces within view of the electronic device officer, (5) displaying on the screen of the electronic device the parking space status (i.e., "paid" or "unpaid"), and (6) wherein the officer may execute enforcement measures. *Id.* at 17:33-20:18.. Although Claims 1 and 5 are independent, the Claims are virtually identical except the database of parking spaces is assembled on "a computer server" in Claim 5, and "a computer" in Claim 1. *Id.* at 17:33-20:18.

Instant Motion

Defendant filed the instant motion, pursuant to Federal Rules of Civil Procedure 12(b)(6), requesting the Court to dismiss Plaintiff's Complaint for failure to state a claim.[3] Defendant also

---

[3] Defendant's first argument asserts that the Court should dismiss this case because Plaintiff's response was untimely, and it did not offer an explanation for the delay or seek leave from the Court to file its

argues that the '421 Patent is invalid under 35 U.S.C. 101 because it is directed to an unpatentable abstract idea and ineligible subject matter.

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If a pleading fails to state a claim upon which relief can be granted, an opposing party may move to dismiss it. *See* Fed. R. Civ. P. 12(b)(6). The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing the litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001). This court "accepts as true the complaint's factual allegations and grants all reasonable inferences to the non-moving party." *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018) (citations omitted).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, Plaintiff's obligation to provide the grounds of its entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). However, "[t]hreadbare

---

response out of time. Although the Court agrees with Defendant that Plaintiff's blatant disregard to follow this District's local rules is concerning, in the interest of judicial efficiency, it declines to dismiss this case solely based on the untimely response and will address the instant motion on the merits.

recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster. *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. In patent infringement cases, allegations of direct infringement are governed by the pleading standards of *Iqbal and Twombly*. *Golden v. Apple Inc.*, 819 F. App'x 930, 930-31 (Fed. Cir. 2020).

## Discussion

As explained in further detail below and for the reasons set forth in the instant motion, the Court finds Plaintiff's Complaint as pled is entirely insufficient.

<u>Failure to State a Claim</u>[4]

"Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). To prove infringement, a plaintiff must "prove the presence of each and every [patent] claim element or its equivalent in the accused method or device." *Star Sci., Inc. v. R.J. Reynolds Tobacco Co.*, 655 F.3d 1364, 1378 (Fed. Cir. 2011). However, the Federal Circuit has "reiterate[d] that a plaintiff need not prove its case at the pleading stage." *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018) (internal quotation and citation omitted). Although a plaintiff is not required to plead infringement on an element-by-element basis, there must be some factual allegations under the *Iqbal/Twombly* standard that, when taken as true, articulate why it is plausible that the accused activity infringes the patent claim. *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352-53 (Fed. Cir. 2021).

Defendant argues both of Plaintiff's direct infringement allegations should be dismissed

---

[4] Although Claims 1 and 5 are independent, the Court will address the Claims together in the same section because they are virtually identical except the database of parking spaces is assembled on "a computer server" in Claim 5, and "a computer" in Claim 1.

for failure to state a claim. The Court agrees. Plaintiff's Complaint is composed primarily of conclusory allegations that are insufficient to identify how Defendant's ParkLouie website infringes the '421 Patent and, accordingly, fails to "place [Defendant] on notice of what activity ... is being accused of infringement." *Id.* at 1352 (internal quotation marks and citations omitted). For instance, Plaintiff's Complaint addresses the alleged infringement in Count I for the '421 Patent Claims' third step (determining the location of the electronic device officer and surrounding parking space) and fourth step (determining the parking space payment status of the parking spaces within view of the electronic device officer) by alleging Defendant's ParkLouie website operates by:

- Listing the space number and the subscriber's most recent zone;

- Allowing features to "reserve[e] your spot ahead," and "find my car button," "which together determine a parking spot to within eight (8) to ten (10) feet;" and,

- Listing the "active sessions" expiration time, "which *suggests* comparing spaces, parking users or subscribers, and expired spaces to find parking users who have not paid."

ECF No. 1 at ¶ 10(f)-(h) (emphasis added).

  Plaintiff does not even attempt to explain how the spot reservation and "find my car button" features relate to the Patent that it is seeking to protect, nor can the Court discern how this is plausibly relevant to determining the status of a parking space's payment and the officer's location/viewpoint. Plaintiff also makes no attempt to explain how the "active sessions" timer satisfies finding parking users who have not paid for their spaces. Simply stating that there is an expiration timer does not create a plausible inference that it compares those other pieces of data. Plaintiff's Complaint fails in great measure to provide factual allegations supporting a plausible inference that Defendant's activity infringes these steps of the '421 Patent Claims.

  In support of infringement on the remaining steps five and six in Count II, which

displays on the screen of the electronic device the parking space status (i.e., "paid" or "unpaid"), so the officer may execute enforcement measures, Plaintiff's Complaint alleges, *inter alia*, that:

- The website has a "Paying a Ticket" page that "*suggests* the existence of a list of unpaid spaces sent to enforcement with indicia;" and

- "Upon detecting a parking user who has not paid, see Ex. 3, and stating 'parking tickets issued by the City of St. Louis,' *id.*, the Treasurer's 'Paying a Ticket' webpage *suggests* a message is sent to enforcement with a list and indicia displayed on an electronic device."

*Id.,* at ¶ 14(f)-(5) (emphasis added)

Without providing factual support, these allegations "suggest" nothing more than mere speculation. These statements do not provide any factual content that allows the Court to draw the reasonable inference that Defendant's "Paying a Ticket" website automatically sends a list of unpaid spaces to Defendant's parking enforcement officials. Plaintiff also provides no factual support that Defendant's use of ParkLouie, used for the convenience of assisting motorists in finding available parking spaces, assists in the enforcement of parking to infringe on the '421 Patent Claims at issue. The Complaint fails to draw any reasonable inference that Defendant is responsible for the misconduct alleged. Therefore, the Court finds that Plaintiff's conclusory assertions of infringement are not supported by any factual allegations, and Defendant's Motion is well-taken.

<u>35 U.S.C. § 101</u>

Defendant next argues that even if Plaintiff pleaded plausible allegations of infringement, the '421 Patent is invalid as a matter of law because the Claims assert the abstract idea of using location and payment status implemented on generic and conventional components and arrangements that fail the 35 U.S.C. § 101 validity test set forth in *Alice Corp. Pty. v. CLS Bank*

9

*Int'l,* 573 U.S. 208, 216 (2014). Because the Court has found dismissal for failure to state a claim pursuant to Rule 12(b)(6) is appropriate for the reasons discussed *supra*, it is unnecessary to address this argument. Further, the Court notes the issue of patentability for all of the '421 Patent's Claims are being challenged in a *inter partes* review that is currently pending before the Patent Trial and Appeal Board.

## Conclusion

For the reasons set forth above, the Court finds Plaintiff's Complaint as pled is insufficient and fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). Therefore, the Court will grant Defendant's Motion. This case will be dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss [ECF No. 13] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is dismissed without prejudice.

A separate Judgment will accompany this Memorandum and Order.

Dated this 19th day of March, 2024.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**